■ Donald R. Spire et al., Respondents, v. William J. Gunnell et al., as Executors of Alice E. Wilhelm, Deceased, Appellants.— Judgment unanimously reversed on the law and facts, without costs of this appeal to either party, and complaint dismissed, without costs. Memorandum: Infant plaintiff was burned by contact with a bonfire started by a stranger in a vacant lot owned by defendants' testator. The evidence established beyond doubt that there was no business relationship between the parties, that no invitation, inducement or permission had ever in fact been given plaintiff or his family to enter upon the land, that the owner had no knowledge of plaintiff's presence on the land, or the circumstances then existing on it which caused his injury, that no benefit was to be derived by the owner by plaintiff's coming on the land and that the injury was not caused by any affirmative act of negligence on the part of the owner or by the existence of any trap or pitfall on the property. (See *Korzenski* v. *Dunkirk Radiator Corp.*, 19 A D 2d 770, affd. 15 N Y 2d 575.) (Appeal from judgment of Cattaraugus Trial Term in favor of plaintiffs in a negligence action.) Present — Williams, P. J., Bastow, Henry, Del Vecchio and Marsh, JJ.

■ The People of the State of New York, Respondent, v. Ricky Young, Appellant.— Judgment unanimously reversed on the law and facts and indictment dismissed. Memorandum: Defendant had been charged with assault in the third degree resulting from an altercation which occurred on premises in which he lived. After certain proceedings were held in the Court of Special Sessions defendant was adjudged not guilty and the case was dismissed upon the ground that he acted in self-defense with cause and provocation. Thereafter the victim who participated in the altercation died and defendant was indicted for manslaughter in the first degree and two counts of assault in the second degree. Before trial the court dismissed the assault counts on the ground of double jeopardy. Upon the trial of the manslaughter charge the jury rendered a verdict of guilty of manslaughter in the second degree. We conclude that the record does not support beyond a reasonable doubt the finding implicit in the jury's verdict that defendant's act was not justifiable. (See *Shorter* v. *People*, 2 N. Y. 193.) In the light of this conclusion we do not reach the question whether defendant was placed in double jeopardy by being required to stand trial for manslaughter. (Appeal from judgment of Orleans County Court convicting defendant of manslaughter, second degree.) Present — Bastow, J. P., Goldman, Henry, Del Vecchio and Marsh, JJ.